IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONALD PARKER,  )
            )
    Plaintiff,  )
v.          )    Civil Action No. 3:23-cv-43–HEH
            )
DEPUTY T. ATKINS,  )
            )
    Defendant.  )

**MEMORANDUM OPINION**
(Dismissing Action Without Prejudice)

THIS MATTER is before the Court on Plaintiff Donald Parker's ("Plaintiff") failure to serve Defendant Deputy T. Atkins ("Defendant") within the time required by Federal Rule of Civil Procedure 4(m). Plaintiff, a Virginia inmate proceeding *pro se* filed this civil rights action on January 18, 2023.

Pursuant to Rule 4(m), Plaintiff had ninety (90) days to serve Defendant. FED. R. CIV. P. 4(m). Here, that period commenced on July 14, 2023. By Memorandum Order (ECF No. 14) entered on October 25, 2023, the Court directed the Marshal to serve Defendant at the address previously provided by Plaintiff. (*Id.* ¶ 2.) Nevertheless, in the ensuing months, the Marshal failed to serve Defendant. On February 26, 2024, Plaintiff provided what he described as the correct address for serving Defendant: 1725 Green St., Portsmouth, VA 23704 ("the Green Street Address"). (Letter at 1, ECF No. 17.) By Memorandum Order (ECF No. 18) entered on March 11, 2024, the Court directed the Marshal to serve Defendant at the Green Street Address. (*Id.* ¶ 1.) On May 23, 2024, the Marshal returned the summons unexecuted because there was "no Deputy by the name of

T. Atkins employed with the Portsmouth Sheriff's Office." (Process Receipt and Return at 1, ECF No. 26 (capitalization corrected).) Accordingly, by Memorandum Order (ECF No. 27) entered on June 21, 2024, the Court directed Plaintiff to show good cause for his failure to timely serve Defendant within twenty (20) days of the date of entry thereof. (*Id.* at 1.)

On July 1, 2024, Plaintiff responded via a Letter (ECF No. 29). Plaintiff explains that he has been moved multiple times, jail officials have tampered with his mail, and jail officials have confiscated his paperwork pertaining to this action. (*Id.* at 1–7.) Plaintiff asserts that, "Defendant[] can be serve[d] here at their job at this address . . . Portsmouth City Jail, 2690 Elmhurst Lane, Portsmouth, VA 23701." (*Id.* at 9 (punctuation corrected).) Alternatively, Plaintiff suggests that Defendant can be served at the Green Street Address. (Attach. 2 at 1, EFC No. 29-2.)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05-cv-821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)) (internal quotations omitted). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10-cv-210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W. Va. 1996)). Thus, courts are more inclined to find good cause

where extenuating factors exist, such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1983)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D.W. Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when reaching a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08-cv-100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citations omitted).

While Plaintiff is not responsible for the initial delay in service, he does bear responsibility for the failure to serve Defendant after March 11, 2024. Plaintiff suggests that Defendant can be served at the Portsmouth City Jail or at the at the Green Street Address because he works for the Portsmouth Sheriff's Office. However, the Marshal's Process Receipt and Return reflects that there is no deputy by the name of T. Atkins employed with the Portsmouth Sheriff's Office. (Process Receipt and Return at 1.) Plaintiff does not suggest that he has observed Defendant recently at the Portsmouth Jail.

3

The record reflects that Defendant Atkins cannot be served at the addresses provided by Plaintiff.

Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant." *Venable*, 2007 WL 5145334, at *1 (internal quotations and citation omitted). Thus, Plaintiff fails to demonstrate good cause for his failure to timely serve Defendant. Nevertheless, the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve the defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court *must* grant the extension") (emphasis in original). Plaintiff does not suggest he will be able to serve Defendant at any time in the near future. *See Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants."). Accordingly, the Court declines to grant Plaintiff an extension of time to serve Defendant. The action will be dismissed without prejudice.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: July 26, 2024
Richmond, Virginia